NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA ANGELICA JIMENEZ ALEJANDRES; AMERICA NATALI MUNOZ JIMENEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1864 <br><br> Agency Nos. <br> A209-395-034 <br> A209-395-035 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2024**
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Norma Angelica Jimenez Alejandres ("Jimenez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of an immigration judge's ("IJ") decision denying her applications for asylum and withholding of removal. The asylum application of her daughter and co-petitioner, America Natali Munoz Jiminez, is derivative of Jimenez's application, and her daughter's application for withholding of removal depends on Jimenez's application. "Because the BIA conducted a *de novo* review of the IJ's decision, our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted by the BIA." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation, alteration, and internal quotation marks omitted). The BIA's legal conclusions are reviewed de novo and its factual findings are reviewed under the substantial evidence standard, meaning that its determinations are upheld unless "the evidence compels a contrary conclusion." *Id*. (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Asylum applicants must demonstrate "persecution or a well-founded fear of persecution on account of [a protected ground]," also known as the nexus requirement. *Id*. at 1142-43 (quoting 8 U.S.C. § 1101(a)(42)(A)); *see also Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). Applicants "must prove causal connection" with direct or circumstantial evidence that the persecution was on

account of a protected ground. *Sangha v. INS*, 103 F.3d 1482, 1486-87 (9th Cir. 1997).

Substantial evidence supports the BIA's denial of asylum based on its determination that Jimenez failed to establish a nexus between past or future persecution and her proposed particular social groups (immediate family members of Eduardo Jimenez, her deceased son, or of Gerardo Alejandres, her cousin). Regarding the murders of her son Eduardo and other family members, Jimenez testified that she believed Eduardo was viewed as a rival cartel member and there were no other reasons he would have been targeted. Further, Jimenez testified that the cartel would want to harm her because she reported Eduardo's kidnapping to the police, not because of her family membership. Finally, Jimenez testified that her other family members still living in Mexico have not been harmed. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890-91 (9th Cir. 2021) ("Ponce's claim of future persecution is undermined by the fact that he has other family members living unharmed in Honduras.").

2. Withholding of removal applicants must demonstrate that "a cognizable protected ground is 'a reason' for future persecution." *Garcia*, 988 F.3d at 1146 (citation omitted).

Substantial evidence supports the BIA's denial of withholding of removal because Jimenez failed to establish any nexus between the alleged persecution and

22-1864

her proposed particular social groups. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (noting that the nexus standard required for withholding of removal is lower than for asylum, but when the petitioner has not shown "any nexus whatsoever," both claims fail).

3.   The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED**.